1

2

3

4

5

6

7

8 **IN THE UNITED STATES DISTRICT COURT**

9 **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11 DANIEL LEE AMBURN,                          No. 2:14-CV-2315-JAM-CMK-P

12                    Plaintiff,

13          vs.                                <u>FINDINGS AND RECOMMENDATIONS</u>

14 RAOUL, et al.,

15                    Defendants.

16 _____/

17          Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18 42 U.S.C. § 1983.  Pending before the court is plaintiff's complaint (Doc. 1).

19          The court is required to screen complaints brought by prisoners seeking relief

20 against a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C.

21 § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or

22 malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

23 from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

24 the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

25 statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

26 This means that claims must be stated simply, concisely, and directly.  <u>See McHenry v. Renne</u>,

84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied

if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon

which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must

allege with at least some degree of particularity overt acts by specific defendants which support

the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

impossible for the court to conduct the screening required by law when the allegations are vague

and conclusory.

Plaintiff names as defendant Raoul, the "P.M. Kitchen Supervisor."  Plaintiff

alleges:

> On Oct. 25th 2013 reported to work as a P.M. cook. . . .  After preparing the evening meal, connected a hose to the water faucet located between pots (2) and (3).  As I stepped back on the trough grating running in front of the pot it gave way and my left foot dropped down into the trough.  This trough is approximately 6" deep and runs the length of all (15) pots.  This trough is used to collect water from cleaning the pots and floor.
>
> There are (3) grates over each trough.  The (1) grate at the end of my trough had been having an ongoing problem of dropping down into the trough.  Kitchen staff had been notified on numerous occasions by both the A.M. and P.M. kitchen workers.  Told that work orders had been turned in to resolve the problem.  After my injury maintenance came in the next day and repaired the trough and grating!

Plaintiff then describes injuries sustained to his foot as a result of the incident.  He states that he

was sent to the medical clinic where he was given a "cast boot and crutches."  Plaintiff adds:

> The whole incident could have been avoided if kitchen staff and prison maintenance would have taken more seriously the kitchen workers' concerns with the working environment, i.e., grating and trough.

Section 1983 provides a remedy for violations of constitutional rights.

See Buckley v. City of Redding. 66 F.3d 188 (9th Cir. 1995).  It does not provide a cause of

action for violations of state law.  See Ove v. Gwinn, 264 F.3d 817 (9th Cir. 2001).  In this case,

plaintiff's alleged facts clearly state a negligence claim under state law.  Plaintiff does not,

however, allege a violation of a constitutional right.

/ / /

1          Because it does not appear possible that the deficiencies identified herein can be

2  cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of

3  the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

4          Based on the foregoing, the undersigned recommends that this action be

5  dismissed.

6          These findings and recommendations are submitted to the United States District

7  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

8  after being served with these findings and recommendations, any party may file written

9  objections with the court.  Responses to objections shall be filed within 14 days after service of

10  objections.  Failure to file objections within the specified time may waive the right to appeal.

11  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

13  DATED:  October 30, 2014

15  **CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

3